**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

NICHOLAS SHEKERDEMIAN, DAVID HENDERSON, DEREK WALKER, FRASER BUTTERS, GRAHAM CLEMPSON, FUTURE TALENT INVENTORY CO. LTD, JEREMY OSCAR SOMERVILLE HINDLE, JEREMY SZIKLAY, JONATHAN HINDLE, JESSICA HINDLE, MAKSIM KOLYSH, REGINA KIRCH, ROSAMUND SHEKERDEMIAN, SAMUEL SAYEGH, SHU WAN CHEUNG, STUART MARKS, TREVOR DIDCOCK, AND KNIGHTSGATE VENURES FUND I, LP

v.

Plaintiffs

SILVERBACK UNITED INC., RON BIENVENU, AND KEITH ROSENBAUM,

Defendants.

**CASE NO.:**

**COMPLAINT AND JURY DEMAND**

## PARTIES

1. Defendant Silverback United, Inc. ("Silverback") is a Nevada corporation, and its principal place of business is in Nevada.

2. Defendant Ron Bienvenu is a citizen of New Orleans, Louisiana. Bienvenu is the CEO of Silverback.

3. Defendant Keith Rosenbaum is a citizen of Irvine, California. Rosenbaum was held out to Plaintiffs as the General Counsel of Silverback.

4. Plaintiff Nicholas Shekerdemian is a citizen of Miami Beach, Florida. He was the founder of Headstart AI, Inc. ("Headstart"). As a former shareholder in Headstart, he was owed Silverback common shares (the "Silverback Exchange Shares") pursuant to a Stock Purchase Agreement between Headstart and Silverback dated June 16, 2022 (the "SPA," attached as Exhibit 1).

5. Plaintiff David Henderson is a citizen of the United Kingdom. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

6. Plaintiff Derek Walker is a citizen of the United Kingdom. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

7. Plaintiff Fraser Butters is a citizen of the United Kingdom. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

8. Plaintiff Future Talent Inventory Co. Ltd is a Hong Kong limited company. As a former shareholder in Headstart, it was owed Silverback Exchange Shares pursuant to the SPA.

9. Plaintiff Graham Clempson is a citizen of East Hampton, New York. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

10. Plaintiff Jeremy Oscar Somerville Hindle is a citizen of the United Kingdom. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

11. Plaintiff Jeremy Sziklay is a citizen of New York, New York. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

12. Plaintiff Jonathan Hindle is a citizen of the United Kingdom. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

13. Plaintiff Jessica Hindle is a citizen of the United Kingdom. As a former shareholder in Headstart, she was owed Silverback Exchange Shares pursuant to the SPA.

14. Plaintiff Maksim Kolysh is a citizen of the New York, New York. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

15. Plaintiff Regina Kirch is a citizen of the Miami Beach, Florida. As a former shareholder in Headstart, she was owed Silverback Exchange Shares pursuant to the SPA.

16. Plaintiff Rosamund Shekerdemian is a citizen of the United Kingdom. As a former shareholder in Headstart, she was owed Silverback Exchange Shares pursuant to the SPA.

17. Plaintiff Samuel Sayegh is a citizen of the Miami Beach, Florida. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

18. Plaintiff Shu Wan Cheung is a citizen of Hong Kong, China. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

19. Plaintiff Stuart Marks is a citizen of the United Kingdom. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

20. Plaintiff Thomas Bucaille is a citizen of France. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

21. Plaintiff Trevor Didcock is a citizen of the United Kingdom. As a former shareholder in Headstart, he was owed Silverback Exchange Shares pursuant to the SPA.

22. Plaintiff Knightsgate Venures Fund I, LP is a Delaware limited partnership. All of its partners are citizens of Texas. As a former shareholder in Headstart, it was owed Silverback Exchange Shares pursuant to the SPA.

**JURISDICTION AND VENUE**

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

24. Venue lies within this district because the Stock Purchase Agreement contains a forum selection clause for the "state and federal courts of Broward or Palm Beach County, Florida." Venue also lies within this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred

in this district. These events include but are not limited to: the negotiation of the Stock Purchase Agreement and numerous meetings between Shekerdemian and Bienvenu concerning the sale of Headstart. Rosenbaum attended many of these meetings through video conferences.

## FACTUAL ALLEGATIONS

25. On June 16, 2022, Shekerdemian executed the SPA in his capacity as executive chairman and shareholder of Headstart.

26. Within days of Shekerdemian executing the SPA, all other Plaintiffs executed the SPA in their capacities as a shareholder of Headstart.

27. Pursuant to the SPA, the shareholders of Headstart were collectively owed $14 million (the "Purchase Price") at "Closing" in the form of seventy million Silverback Exchange Shares. Ex 1 at § 3.2.

28. The Closing occurred on August 18, 2022.

29. On November 22, 2022, Rosenbaum confirmed to Shekerdemian that "the HeadStart deal was closed on August 18, with Silverback acquiring 100%." Exhibit 2. At Closing, the amount of Silverback Exchange Shares owed to shareholders was reduced by $3,875,000 per the SPA – or $775,000 – for a final Closing Purchase Price of $13,225,000. *Id.*

30. Neither the shares nor any monies were ever delivered to Plaintiffs.

31. Instead, after Rosenbaum and Bienvenu confirmed the Closing had occurred, and that the Silverback Exchange Shares were owed to Plaintiffs, Rosenbaum and Bienvenu purposely stalled the delivery of the Silverback Exchange Shares.

32. For months, Shekerdemian wrote to Bienvenu in an effort to coordinate the delivery of the Silverback Exchange Shares.

33. On April 7, 2023 at 10:00 a.m., Shekerdemian called Bienvenu and demanded delivery of the share certificates. On that call, Bienvenu told Shekerdemian that Rosenbaum was intentionally stalling the delivery of the shares because he did not like the economics of the deal that was struck.

34. Bienvenu and Rosenbaum intentionally caused Silverback to refrain from delivering the Silverback Exchange Shares so that they could tout the acquisition of Headstart for their exclusive financial benefit.

35. Indeed, Bienvenu touted the acquisition of Headstart in communications with Silverback's shareholders, claiming that with the acquisition, Silverback would be able to "radically scale Headstart's business."

36. On July 6, 2023, Shekerdemian informed Defendants he intended to bring suit for their breach of the SPA.

37. Later that same day, Bienvenu wrote Shekerdemian telling him that "[a]fter discussion with counsel, we have determined not to move forward with the

acquisition of Headstart." Transparently, Bienvenu remarked that "this decision was reached prior to receiving an Email from your counsel today, which email has no impact on our decision."

38. Of course, that was absurd. Rosenbaum had already confirmed the closing occurred many months ago. Indeed, at the time Bienvenu wrote his email, Silverback had wholly owned and operated Headstart for nearly a year, had advertised the acquisition publicly, and had engaged with Headstart's employees, vendors, and customers.

39. Plaintiffs bring this action to be paid the value of the compensation they negotiated for the sale of Headstart.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Stock Purchase Agreement
(*Asserted by Plaintiffs against Silverback*)

Plaintiffs incorporate paragraphs 1 to 39.

40. The parties, for valuable consideration, entered into a valid and enforceable SPA on June 16, 2022.

41. The Closing for the SPA occurred on August 18, 2022 as confirmed by Rosenbaum. All other conditions precedent to bringing this action for each Plaintiff have otherwise occurred.

42. Silverback materially breached the SPA by failing to deliver to Plaintiffs the Silverback Exchange Shares at Closing.

43. Plaintiffs have suffered damages as a result of Silverback's failure to deliver the Silverback Exchange Shares at Closing.

WHEREFORE, Plaintiffs demand judgment against Defendant Silverback for damages in the amount of at least $13,225,000.00 together with court costs, interest, and any other relief this Court deems just and proper.

**COUNT II**
**Tortious Interference with SPA**
(*Asserted by Plaintiffs against Defendants Bienvenu and Rosenbaum*)

Plaintiffs incorporate paragraphs 1 to 39.

44. Without justification, Bienvenu and Rosenbaum intentionally and improperly interfered with Plaintiffs' contractual relations with Silverback by causing it to fail to deliver the Silverback Exchange Shares at Closing.

45. Bienvenu and Rosenbaum were aware of Silverback's contractual obligations to deliver the Silverback Exchange Shares at Closing.

46. Bienvenu and Rosenbaum actions constitute tortious interference with the SPA. By purposefully causing Silverback to delay delivery of the Silverback Exchange Shares at Closing so that they could each benefit financially, Bienvenu and Rosenbaum caused Silverback to breach their obligations to Plaintiffs.

47. As a result of these wrongful actions, Plaintiffs are entitled to damages.

WHEREFORE, Plaintiffs demand judgment against Defendant Bienvenu and Rosenbaum for damages in the amount of at least $13,225,000.00 together with court costs, interest, and any other relief this Court deems just and proper.

**Plaintiffs demand a trial by jury for all issues triable by right.**

Dated: September 1, 2023

Respectfully submitted,


*/s/ Devin (Velvel) Freedman*
Velvel (Devin) Freedman
Florida Bar No. 99762
**FREEDMAN NORMAND FRIEDLAND, LLP**
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Email: vel@fnf.law

Kyle W. Roche
**KYLE ROCHE P.A.**
260 Madison Avenue, 8th Floor
New York, NY 10016
Email: kyle@kyleroche.law